# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# MEMPHIS DIVISION

| | | |
|---|---|---|
| RICKY R. FRANKLIN | ) | Civil Action No: |
| Plaintiff, | ) | |
| v. | ) | |
| SAINT FRANCIS HOSPITAL BARTLETT, INC | ) | |
| Defendant | ) | |

## ORIGINAL COMPLAINT

NOW COMES the Plaintiff, RICKY R. FRANKLIN, by and through himself and for his Complaint against the Defendant, SAINT FRANCIS HOSPITAL BARTLETT, and Plaintiff states as follows:

## NATURE OF THIS ACTION

1. Plaintiff brings this action for actual and statutory damages arising out of and relating to the conduct of Defendant, to include all of its affiliates, subsidiaries, and/or related entities, as well as all persons and entities acting on behalf of Defendants, including but not limited to SAINT FRANCIS HOSPITAL BARTLETT, INC (hereinafter, SFHB) and, in negligently, knowingly, and/or willfully contacting Plaintiff on his cellular telephone without his prior express written consent within the meaning of the TCPA. This is an action for actual and

statutory damages for violations of the Telephone Consumer Protection Act (hereinafter, "TCPA"), 47 U.S.C. section 227 *et seq.*[1]

## JURISDICTION & VENUE

2. Jurisdiction of this Court is conferred by 15 U.S.C. § 1692 and 28 U.S.C. § 1331. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. RICKY R. FRANKLIN, (hereinafter, Plaintiff) is a natural person at all relevant times residing in county of Henry, State of Georgia.

5. SAINT FRANCIS HOSPITAL BARTLETT is a domestic company with a corporate headquarters located at 2986 Kate Bond Rd, Bartlett, TN 38133.

6. At all relevant times, Defendant has conducted business in Georgia, solicited business in Georgia, engaged in a persistent course of conduct in Georgia, or has derived substantial revenue from services rendered in Georgia.

---

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA). The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. § 201 et seq.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA) 47 U.S.C §227

2

7. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

8. The TCPA regulates, inter alia, the use of automated telephone equipment, or "predictive-dialers", defined as equipment which "has the capacity…(a) to store or produce telephone numbers to be called, using a random or sequential number generator; and (b) to dial such numbers. 47 U.S.C. § 227(a)(1). Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of auto-dialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.[2]

9. According to findings by the Federal Communications Commission (FCC), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used[3].

---

[2] 47 U.S.C. § 227 (b)(1)(A)(iii).
[3] Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, CG Docket No. 02-278, Report and Order, 18 FCC Rcd. 14014 (2003).

10. The TCPA prohibits the use of automatic telephone dialing systems and the prerecorded messages to call wireless devices. § 227(b) prohibits… the use of

3

automated telephone equipment;   (1) Prohibitions…"It shall be unlawful for any person within the United States or any person outside the United States if the recipient is within the United States—[3]…"

11. In order to redress these injuries, Plaintiff brings this suit under the TCPA, which specifically prohibits unsolicited voice calls to cell phones.  Defendant GCU has harassed the Plaintiff and violates the right of privacy of all consumers.

## ALLEGATIONS OF FACT

12. On or about February 2015, Plaintiff received an automated voice message from Defendant SFHB calling from 866-904-6871 on his cellular phone at 678-235-XXXX.  The message stated as follows:

**SFHB:  Hello this is business office of Saint Francis Hospital, calling for Venta Ross…with and important message…please call.**

**Plaintiff:  Did not recognize the name and hung up the phone**

13. Due to similar solicitation calls, Plaintiff placed his cellular telephone number on 678-235-XXXX, on the national "Do-Not-Call" registry to cease such solicitation calls.

14. Plaintiff has received at least 11 unsolicited calls from the Defendant.

15. Plaintiff has never provided his cellular phone number to the Defendant or given his prior express consent to be called, whether on his own or on behalf of any third party.

4

## COUNT I-TCPA

16. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17. Using prohibited automated equipment and without prior express written consent, the Defendant SFHB, contacted the Plaintiff at least eleven (11) times by means of automatic voice messaging to a cellphone or pager in violation of 47 U.S.C. §227(b)(1)(A)(iii).

18. The phone calls were made to Plaintiff without the number being provided to Defendant, and without the prior express consent of Plaintiff.

## PRAYER FOR RELIEF

a) As a result of the Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to treble damages of up to $1,500.00 for each and every call in violation of the statue, pursuant to 47 U.S.C. § 227(b)(3);

b) Assessing against SFHB, all costs incurred by the Plaintiff; and

c) Awarding such other relief as justice and equity may require.

Respectfully submitted,

Ricky R. Franklin

708 Brambling Way
Stockbridge, GA 30281
678-650-3733
rrfrank12@hotmail.com